1 | ILLOVSKY GATES & CALIA LLP
Kevin Calia (State Bar No. 227406)
2 | kevin@illovskygates.com
Eva Schueller (State Bar No. 237886)
3 | eschueller@illovskygates.com
1611 Telegraph Ave., Ste. 806
4 | Oakland, CA 94612
5 | Telephone: (415) 500-6640

6 | *Attorneys for Defendants Creedon*
*Technologies USA, LLC and Nixplay, Inc.*
7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 | **SAN JOSE DIVISION**

12

13 | KATE KOELLER, JEFF KOELLER, MATT
DAVIDSON, and AMY BOLESKI | Case No. 25-cv-04549-VKD

14 | Plaintiffs, | **DEFENDANTS NIXPLAY, INC. AND
CREEDON TECHNOLOGIES USA,
15 | v. | LLC'S OPPOSITION TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO
16 | | CONTINUE DEFENDANTS' MOTION
TO DISMISS FIRST AMENDED
17 | NIXPLAY, INC., CREEDON TECHNOLOGIES | COMPLAINT UNTIL AFTER
USA, LLC, and DOES 1-20, | DIVERSITY JURISDICTION IS
18 | Defendants. | ESTABLISHED**

19 | | Honorable Virginia K. DeMarchi

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Defendants Nixplay, Inc. and Creedon Technologies USA, LLC filed a motion to dismiss on July 7, 2025. In response, Plaintiffs filed a First Amended Complaint that improperly adds a new plaintiff from Colorado in an effort to destroy diversity. Defendants filed an amended notice of removal explaining why no defendant is a citizen of Colorado, despite the original complaint's allegation that Nixplay had its principal place of business in Colorado. Defendants overlooked this error at the time of removal, when it did not matter because no plaintiff was a citizen of Colorado. But binding authority allows for an amended notice of removal to correct a defective allegation of jurisdiction.

At the same time Defendants corrected the notice of removal, they also moved to dismiss the First Amended Complaint, making similar arguments to those made in their July 7, 2025 motion and adding the argument that Ms. Boleski is improperly joined as a plaintiff in this non-class action. A week later Plaintiffs filed a motion to remand.

Now, Plaintiffs seek to use their later-filed motion to remand to again avoid responding to Defendants' motion to dismiss, at least until after September 23, 2025. Defendants will argue in their forthcoming opposition brief that the motion to remand should be denied. Defendants argue here that the most efficient course is for the parties to fully brief both motions and set them for hearing on the same day. Defendants offered to reset their motion to dismiss for September 23, 2025 to match the noticed date for Plaintiffs motion to remand.

Under this approach, if the Court decides it will grant the motion to remand, it can avoid ruling on the motion to dismiss. But, if the Court denies the motion to remand, it can rule on the arguments that Defendants have been raising since July 7. The Court will have complete control over how to expend its own resources. And any efforts by the parties in briefing the key issues in this action will not be wasted, even in the unlikely event that this Court sends the action back to state court. It is very common for motions to remand and motions to dismiss to be briefed simultaneously, and such motions are frequently decided together in the same order.

Plaintiffs' administrative motion, which seeks to fast track their later-filed motion to remand and slow play Defendants earlier-filed motion to dismiss, should be denied.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION
Case No.: 25-cv-04549-VKD

## II.    ARGUMENT

The original complaint in this action was filed in Santa Clara Superior Court on behalf of Plaintiffs from Illinois and California. (ECF No. 1.) Defendants removed the action because no defendant is a citizen of Illinois or California. (ECF No. 1.)

Defendants filed a motion to dismiss the complaint on July 7, 2025. (ECF No. 13.) Instead of responding to the motion to dismiss, Plaintiffs' counsel posted advertisements on the Internet seeking new plaintiffs to join as parties to this non-class action. (Declaration of Kevin Calia in Opposition to Plaintiffs' Administrative Motion to Continue Defendants' Motion to Dismiss First Amended Complaint ("Calia Decl."), ¶ 2.)  On July 28, 2025, Plaintiffs filed their First Amended Complaint adding Amy Boleski as a plaintiff. (ECF No. 16.)

Plaintiffs apparently added Ms. Boleski in an effort to destroy diversity. She is alleged to be a citizen of Colorado. (ECF No. 16, ¶ 8.) The original complaint had alleged that Nixplay, Inc. had its principal place of business in Denver, Colorado. The original notice of removal included these allegations and cited to the original complaint. (ECF No. 1, ¶ 4.) Ms. Boleski alleges that she purchased a Nixplay Smart 10.1" digital photo frame from Amazon.com on or about December 24, 2019. (ECF No. 16, ¶ 53.) She claims that she made that purchase in reliance "on Nixplay's representation that the product included 10 GB of free online cloud storage and understood that feature to be an integral part of the frame." (*Id*.) She later allegedly gave the frame to her father as a gift and "created a Nixplay account on his behalf, uploading numerous photos to his Nixplay cloud storage." (*Id*.) Both Ms. Boleski and her father allegedly received the April 25, 2025 email described by the other three Plaintiffs, informing Nixplay account holders of upcoming plan changes. (*Id*. at ¶ 54.) Ms. Boleski does not allege that she created a Nixplay account for herself or that she ever integrated any third-party cloud accounts to her father's account. Ms. Boleski also does not provide her father's name, state of residence, or any other information that could identify the Nixplay account she allegedly created.

After Ms. Boleski was added as a plaintiff, Defendants' counsel did further research into whether the addition of Ms. Boleski as a purported plaintiff destroyed diversity. (Calia Decl., ¶ 3.) In the course of that research, Defendants' counsel learned that Nixplay had closed the office that it

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION
Case No.: 25-cv-04549-VKD

1  formerly had in Colorado and had not had any presence or employees in Colorado since August 2024.

2  (Calia Decl., ¶ 3.)

3      Thus, Defendants filed an amended notice of removal and supporting declarations. (ECF No.

4  19, ¶¶ 5, 6.) Those materials show that neither defendant was a citizen of California, Illinois, or

5  Colorado at either the time the original complaint or the First Amended Complaint was filed. Nixplay

6  does not have a principal place of business in Colorado. (ECF No. 19, ¶ 5.) And Creedon

7  Technologies USA, LLC does not have any owners or members who are citizens of Colorado. (ECF

8  No. 19, ¶ 6.) Where Creedon had offices is irrelevant to its citizenship. "A limited liability company

9  'is a citizen of every state of which its owners/members are citizens,' not the state in which it was

10 formed or does business." *Newgen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016)

11 (quoting *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

12     Plaintiffs argue in their motion to remand that Defendants are not permitted to amend their

13 notice of removal to fix a defective allegation of jurisdiction. But binding authority says the opposite.

14 *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (defective allegations

15 of jurisdiction may be corrected by amendment); *see also* 28 U.S.C. § 1653; *Gonzales Arias v.*

16 *Safariland, LLC*, 2019 WL 2296810 (C.D. Cal. May 28, 2019); *Geerlof v. C & S Wholesale Grocers,*

17 *Inc.*, 2014 WL 1415974 (E.D. Cal. Apr. 14, 2014); *Kacludis v. GTE Sprint Communications Corp.*,

18 806 F. Supp. 866 (N.D. Cal. 1992). Defendants will provide their complete response in opposition to

19 Plaintiffs' motion to remand.[1]

20     For now, the issue is whether Plaintiffs' later-filed motion to remand should delay the briefing

21 on the key issues that are raised in Defendants' motion to dismiss and that Defendants have been

22 raising since July 7, 2025. The most efficient course is for the parties to fully brief both motions and

23 set them for hearing on the same day. This is especially true because the motions involve interrelated

24 issues, including whether Ms. Boleski is properly joined as a plaintiff in this action. (See ECF No. 18

25 at 25-26.)

26

27  [1] Defendants acknowledge that a Colorado address was listed in some paperwork and fine print after
28  the Colorado office had in fact closed. Such errors are not determinative of Nixplay's citizenship.

3

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION
Case No.: 25-cv-04549-VKD

1    Defendants offered to reset their motion to dismiss for September 23, 2025 to match the

2    noticed date for Plaintiffs motion to remand. (Calia Decl., ¶ 4.) Defendants request that the Court

3    deny Plaintiffs' administrative motion and set both motions for hearing on September 23. Under this

4    approach, if the Court decides it will grant the motion to remand, it can avoid ruling on the motion to

5    dismiss. But, if the Court denies the motion to remand, it can rule on the arguments that Defendants

6    have been raising since July 7. The Court will have complete control over how to expend its

7    resources. And any efforts by the parties in briefing the key issues in this action will not be wasted,

8    even in the unlikely event that this Court sends the action back to state court.

9    It is very common for motions to remand and motions to dismiss to be briefed simultaneously,

10   and such motions are frequently decided together in the same order. *See*, *e.g.*, *Floyd v. Saber Fitness*

11   *Hegenberger, LLC*, 2024 WL 2971669 (N.D. Cal. June 11, 2024) (denying motion to remand and

12   granting motion to dismiss); *Ryan v. Starco Brands, Inc.*, 2024 WL 5102651 (N.D. Cal. Apr. 19,

13   2024) (denying motion to remand and granting in part motion to dismiss); *Slick v. Cablecom, LLC*,

14   2022 WL 4181003 (N.D. Cal. Sept. 12, 2022) (denying request to remand and granting motion to

15   dismiss); *Farrales v. Ford Motor Co.*, 2022 WL 1239347 (N.D. Cal. Apr. 27, 2022) (denying motion

16   to remand and granting motion for judgment on the pleadings); *Tolentino v. Gillig, Inc.*, 2021 WL

17   121193 (N.D. Cal. Jan. 13, 2021) (denying motion to remand and granting motion to dismiss); Khan

18   v. SAP Labs, LLC, 2019 WL 5697928 (N.D. Cal. Jan. 13, 2021) (denying motion to remand and

19   granting motion to dismiss).

20   **III.    CONCLUSION**

21   For the reasons stated above, the Court should deny Plaintiffs' administrative motion.

22   Defendants request that the Court set Defendants' motion to dismiss and Plaintiffs' motion to remand

23   for hearing on the same date. The most logical way to do this is to bump the hearing on Defendants'

24   motion to dismiss back to September 23, 2025, the date on which Plaintiffs' motion to remand is

25   currently set to be heard.

26

27

28

1   Dated: August 22, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: _/s/Kevin Calia_____
        Kevin Calia

ILLOVSKY GATES & CALIA LLP
Kevin Calia
Eva Schueller

*Attorneys for Defendants Creedon
Technologies USA, LLC and Nixplay, Inc.*

5
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION
Case No.: 25-cv-04549-VKD