1 | ILLOVSKY GATES & CALIA LLP
2 | Kevin Calia (State Bar No. 227406)
  | kevin@illovskygates.com
3 | Eva Schueller (State Bar No. 237886)
  | eschueller@illovskygates.com
4 | 1611 Telegraph Ave., Ste. 806
  | Oakland, CA 94612
5 | Telephone: (415) 500-6640

6 | *Attorneys for Defendants Creedon*
7 | *Technologies USA, LLC and Nixplay, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KATE KOELLER, JEFF KOELLER, MATT DAVIDSON, and AMY BOLESKI,<br><br>Plaintiffs,<br><br>v.<br><br>NIXPLAY, INC., CREEDON TECHNOLOGIES USA, LLC, and DOES 1-20,<br><br>Defendants. | Case No. 25-cv-04549-VKD<br><br>**DECLARATION OF KEVIN CALIA IN OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Honorable Virginia K. DeMarchi |

DECLARATION OF KEVIN CALIA IN OPPOSITION TO ADMINISTRATIVE MOTION
Case No.: 25-cv-04549-VKD

**DECLARATION OF KEVIN CALIA**

I, Kevin Calia, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner in the law firm of Illovsky Gates & Calia LLP, counsel of record for Defendants Creedon Technologies USA, LLP and Nixplay, Inc. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. After Defendants filed their motion to dismiss the original complaint on July 7, 2025, Plaintiffs' counsel posted advertisements on the Internet searching for new potential plaintiffs. These advertisements included posts on Reddit and "Top Class Actions,." which are available at the following links and which I have retained in case copies of the posts are later needed as exhibits: https://www.reddit.com/r/NixplaySucks/comments/1lyyowq/legal_action_against_nixplay/; https://topclassactions.com/lawsuit-settlements/investigations/nixplay-bait-and-switch-lawsuit/.

3. After Plaintiffs filed their First Amended Complaint purporting to add Amy Boleski as a plaintiff, my partner and I did additional research into whether the addition of Ms. Boleski as a purported plaintiff destroyed diversity. In the course of that research, Defendants' counsel learned that Nixplay had closed the office that it formerly had in Colorado and had not had any presence or employees in Colorado since August 2024.

4. I participated in the meet and confer discussions with Plaintiffs' counsel regarding their First Amended Complaint and their plan to move for remand. On July 30, 2025, Plaintiffs' counsel sent an email regarding their plan to move to remand. My partner, Eva Schueller, responded to this email with a detailed response regarding our position and offered to have a telephone call to discuss further. In particular, this message informed Plaintiffs' counsel that Nixplay had closed its office in Colorado and had not had any employees in Colorado since 2024. Counsel for all parties then participated in video conference on August 6, 2025. Defendants proceeded to file an amended notice of removal and a motion to dismiss the First Amended Complaint on August 11, 2025. On August 14, 2025, Plaintiffs counsel sent an email asking whether Defendants would stipulate to continuing the briefing and hearing on the motion to dismiss until after the Court ruled on the motion

1 to remand. Ms. Schueller responded on the morning of Friday, August 15, 2025 indicating that we would consult with our clients and respond at the beginning of the following week. I followed up on the morning of Monday, August 18, 2025, indicating that Defendants were not willing to stipulate to delay consideration of our motion to dismiss to the extent requested by Plaintiffs. I offered to stipulate that both motions could be heard on the same day. Because the motion to remand had not yet been filed, I offered to stipulate to moving our motion to September 23, 2025, which was then the first available hearing date for a new motion such as Plaintiffs' planned motion to remand. I offered to have a further discussion. Plaintiffs' counsel declined my offer for further discussion and sent an email stating that they would file an administrative motion. Plaintiffs then filed their administrative motion and their motion to remand later on the evening of August 18, 2025.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and to the best of my knowledge.

      Executed on this 22nd day of August, 2025, at Granite Bay, California.

                                          /s/ Kevin Calia
                                          Kevin Calia