1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8

KATE KOELLER, et al.,

9                    Plaintiffs,

10          v.

11     NIXPLAY, INC., et al.,

12                    Defendants.

13

Case No.  25-cv-04549-VKD

**ORDER DIRECTING ALL PARTIES TO FILE RULE 7.1 STATEMENT RE CITIZENSHIP**

14          On May 29, 2025, defendants Creedon Technologies USA, LLC and Nixplay, Inc.

15   removed this action from the Superior Court of California for the County of Santa Clara, invoking

16   the Court's diversity jurisdiction, 28 U.S.C. § 1332.  *See* Dkt. No. 1.  In an action in which federal

17   jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, all parties must file a

18   disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity

19   whose citizenship is attributed to that party . . . when the action is filed in or removed to federal

20   court."  Fed. R. Civ. P. 7.1(a)(2)(A).  The parties have not complied with the requirement to file a

21   disclosure statement pursuant to Rule 7.1.

22          Defendants filed a statement disclosing Creedon Technologies USA, LLC's "parent

23   corporation" and other corporations that own its corporate "parent."  Dkt. No. 2.  However, for

24   purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which

25   its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899

26   (9th Cir. 2006).  "And because a member of a limited liability company may itself have multiple

27   members—and thus may itself have multiple citizenships—the federal court needs to know the

28   citizenship of each 'sub-member' as well."  *McKay v. Fay Servicing, LLC*, No. 23-cv-03731-

United States District Court
Northern District of California

1   EMC, 2023 WL 4848855, at *1 (N.D. Cal. July 28, 2023) (quotations and citation omitted).

2   Defendants appear not to have identified all of Creedon Technologies USA, LLC's members and

3   the citizenship of those members.

4           Defendants assert that Nixplay, Inc. is a Delaware corporation.  *See, e.g.*, Dkt. No. 19 at 3.

5   However, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of

6   every State and foreign state by which it has been incorporated and of the State or foreign state

7   where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Defendants have not

8   identified Nixplay, Inc.'s principal place of business.

9           Plaintiffs have identified the states of citizenship of each named plaintiff in their original

10  and amended complaints, but have not filed a separate statement.

11          All parties must file a statement identifying the citizenship attributed to the party as of the

12  date that the action was filed in state court *and* as of the date of removal.  *See* Fed. R. Civ. P.

13  7.1(a)(2); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he

14  core principle of federal removal jurisdiction on the basis of diversity . . . [is] that it is determined

15  (and must exist) as of the time the complaint is filed and removal is effected.").  For defendants,

16  the statement must identify each member and sub-member of defendant Creedon Technologies

17  USA, LLC, as well as the citizenship of each member and sub-member, and must identify the

18  principal place of business of defendant Nixplay, Inc.

19          Each party's response shall be filed by **September 19, 2025, 4:00 p.m.**

20          **IT IS SO ORDERED.**

21  Dated: September 15, 2025

23                                              *Virginia K. DeMarchi*
                                                Virginia K. DeMarchi
24                                              United States Magistrate Judge

2