UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATE KOELLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NIXPLAY, INC., et al.,<br><br>Defendants. | Case No. 25-cv-04549-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 18 |

Plaintiffs Kate Koeller, Jeff Koeller, Matt Davidson, and Amy Boleski bring this action, asserting six claims against defendants Nixplay, Inc. and Creedon Technologies USA, LLC. Dkt. No. 16. Defendants move to dismiss the operative complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Dkt. No. 18. Plaintiffs oppose the motion. Dkt. No. 25.

Upon consideration of the moving and responding papers, supplemental briefs, and oral arguments presented, the Court grants in part and denies in part defendants' motion to dismiss, with leave to amend.[1]

## I.    BACKGROUND

According to the operative complaint, defendants Nixplay, Inc. and Creedon Technologies USA, LLC (collectively, "defendants" or "Nixplay") sell digital photo frames. Dkt. No. 16 ¶ 15. The digital photo frames connect to the internet via Wi-Fi. *Id.* ¶ 17. In order to display photos and videos on a Nixplay frame, users must create a Nixplay account. *Id.* Using the Nixplay application, frame users may upload photos and videos to Nixplay's cloud storage or connect their Google Photos and

---

[1] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 10, 11.

Dropbox albums to their frames.  *Id.*

Plaintiffs are purchasers or recipients of Nixplay frames.  Mr. Koeller and Ms. Koeller are a married couple residing in Illinois.  *Id.* ¶¶ 5-6, 39.  On January 26, 2020, Mr. Koeller purchased a Nixplay frame for Ms. Koeller as a gift.  *Id.* ¶¶ 39-40.  Mr. Davidson, a California resident, purchased two Nixplay frames on May 16, 2019 and August 28, 2019.  *Id.* ¶¶ 7, 47.  On December 24, 2019, Ms. Boleski, a Colorado resident, purchased a Nixplay frame and later gifted it to her father.  *Id.* ¶¶ 8, 53.

Plaintiffs assert that defendants engaged in "bait-and-switch advertising" with respect to the Nixplay frames.  *Id.* ¶ 1.  Specifically, plaintiffs allege that "[f]or years, Nixplay promised customers free cloud storage and integration with third-party apps such as Google Photos and Dropbox— included with the purchase of a digital photo frame, with 'no subscription necessary.'"  *Id.*  Plaintiffs allege that unlimited photo storage and 5 GB of video storage were also included with purchase of a frame.  *Id.* ¶ 3.  Plaintiffs claim that in March 2025, defendants announced photo storage and video storage would be limited to only 0.5 GB, and that any content exceeding those limits would be locked and inaccessible unless frame users agreed to pay a new subscription fee.  *Id.*  In addition, defendants eliminated the ability for users to sync their frames to their Google Photos and Dropbox albums.  *Id.*

On April 22, 2025, Ms. Koeller, Mr. Koeller, and Mr. Davidson filed this action in the Superior Court for the County of Santa Clara.  *See* Dkt. No. 1-1 ¶ 2, Ex. A.  On May 29, 2025, defendants removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. No. 1 ¶ 1.  On July 28, 2025, plaintiffs filed the first amended complaint (FAC), adding Ms. Boleski as a plaintiff.  Dkt. No. 16.

The FAC asserts the following six claims against defendants:  (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; (2) violation of California's false advertising law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; (3) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (4) breach of contract; (5) negligent misrepresentation; and (6) intentional misrepresentation.  *Id.* at 23-30.  Plaintiffs seek injunctive relief, including "(a) ordering Nixplay to unlock the restricted content and permit users to view their content on Nixplay devices without a subscription; (b) ordering that Nixplay honor the promises it made regarding the features included with its digital photo frames, including its promises

United States District Court
Northern District of California

2

regarding cloud storage and integration with Google Photos and Dropbox; and (c) enjoining Nixplay from continuing its unlawful and unfair business practices . . . and prohibiting Nixplay from engaging in such practices in the future." *Id.* at 30. Plaintiffs also seek attorneys' fees and costs. *Id.*

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC*, No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Id*.

### B.    Rule 9(b)

Allegations sounding in fraud, including allegations of false advertising, are subject to the heightened pleading standard under Rule 9(b). *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 634 (N.D. Cal. 2019) (stating that UCL and FAL claims sounding in fraud are subject to the Rule 9(b) standard). Under Rule 9(b), allegations of fraud must be pled "with particularity." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (citations and quotations omitted). This includes pleading "the who, what, when, where, and how of the misconduct charged." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) (citation and quotations omitted).

### C.    Judicial Notice / Incorporation by Reference

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" without converting the motion to a motion for summary judgment. *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). Documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

## III.    DISCUSSION

Defendants move pursuant to Rules 9(b) and 12(b)(6) to dismiss the FAC. Dkt. No. 18. Defendants also request judicial notice of one document. Dkt. No. 18-1. The Court first addresses

United States District Court
Northern District of California

defendants' request for judicial notice before considering defendants' Rules 9(b) and 12(b)(6) arguments.

### A.    Request for Judicial Notice

In connection with their motion, defendants ask the Court to take judicial notice of Nixplay's terms of service in effect in 2019 and 2020.  Dkt. No. 18-1.  Plaintiffs oppose defendants' request for judicial notice on the ground that such terms are irrelevant.  Specifically, plaintiffs argue that all references to "terms of service" in the FAC refer to Nixplay's terms of service in effect as of April 21, 2025, and that none of plaintiffs' claims are based on any terms of service.  Dkt. No. 26 at 2.  Defendants respond that plaintiffs fail to explain why the April 2025 terms of service, and not the 2019 and 2020 terms of service, apply in the circumstances alleged in the FAC, observing that plaintiffs had to accept the then-effective terms of service at the time they first sought to use the cloud storage and integration features of the frames.  Dkt. No. 30-1 at 2.  Plaintiffs do not challenge the authenticity of the document defendants say reflects the 2019 and 2020 terms of service.

As explained below, the Court agrees that plaintiffs do not rely on Nixplay's terms of service for their breach of contract claim, and that the Court need not consider those terms to resolve this motion to dismiss.  However, as there is no question that the 2019 and 2020 terms of service were in effect at the time of plaintiffs' purchases and/or account creations, the Court grants defendants' request for judicial notice.  *See Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022) (observing that courts in the Ninth Circuit routinely take judicial notice of terms of service).

### B.    Fraud-based claims (claims 1, 2, 3, 5, 6)

Defendants move to dismiss plaintiffs' fraud-based claims, specifically the CLRA, FAL, UCL, negligent misrepresentation, and intentional misrepresentation claims, for failure to meet Rule 9(b)'s heightened pleading standard and for lack of standing.  Dkt. No. 18 at 16-22.  The Court addresses each argument in turn.

#### 1.    Rule 9(b)

Defendants argue that plaintiffs' CLRA, FAL, UCL, negligent misrepresentation, and

intentional misrepresentation claims are not pled with sufficient particularity.  Dkt. No. 18 at 16.

Although there is a question of whether Rule 9(b)'s heightened pleading standard applies to a

claim for negligent misrepresentation, *see Villegas v. Wells Fargo Bank, N.A.*, No. 12-cv-02004

LB, 2012 WL 4097747, at *7 (N.D. Cal. Sept. 17, 2012) (observing that the Ninth Circuit has not

yet decided this question), plaintiffs do not dispute that these claims are subject to Rule 9(b).

Rather, plaintiffs argue that they have pled their claims with the particularity that Rule requires.

Dkt. No. 25 at 3.

### a.    CLRA, FAL, and UCL (claims 1, 2, and 3)

Plaintiffs challenge defendants' statements that their frames included 10 GB of free cloud

storage and could integrate with Google Photos and Dropbox without a subscription as false or

misleading.  Dkt. No. 16 ¶¶ 1, 18-19.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

practices" related to the sale of goods or services to a consumer, including "[m]aking false or

misleading statements" about price reductions.  Cal. Civ. Code § 1770(a)(13).  Similarly, the FAL

prohibits "untrue or misleading" advertising "which is known, or which by the exercise of

reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair,

deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  Any violation of

the FAL necessarily violates the UCL.  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th

Cir. 2020).

To establish a claim under the CLRA, FAL, and the fraudulent practice prong of the UCL,

a plaintiff must show that the defendant's claimed misrepresentations are likely to deceive a

reasonable consumer.  *Salazar v. Target Corp.*, 83 Cal. App. 5th 571, 578 (Cal. Ct. App. 2022);

*Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 850 (N.D. Cal. 2018).  "Because the same standard

for fraudulent activity governs all three statutes, courts often analyze the three statutes together."

*Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017).

Plaintiffs plausibly allege that defendants' alleged misrepresentations are likely to deceive

a reasonable consumer, including pleading the "who, what, when, where, and how" of the alleged

misconduct. *See Whiteside*, 108 F.4th at 785. Plaintiffs allege defendants (who) falsely advertised Nixplay frames as including 10 GB of free cloud storage and integration with Google Photos and Dropbox (what) from 2015 to 2025 (when) on Amazon.com and defendants' website (where). *See* Dkt. No. 16 ¶¶ 18-28. Plaintiffs further allege that defendants' representations were likely to mislead a reasonable consumer because plaintiffs and other consumers understood the advertised features to be "integral features of Nixplay's digital photo frames" (how). *Id.* ¶ 33. For each plaintiff, except for Ms. Koeller as discussed below, the FAC includes allegations regarding his or her decision to purchase Nixplay frames in reliance on the alleged misrepresentations, including the specific item purchased, the date of purchase, and where the purchase was made. *See id.* ¶¶ 39-56. In addition, the FAC includes several screenshots of defendants' website and the Amazon.com website during the period from 2015 to 2025 displaying the alleged misrepresentations. *See id.* ¶¶ 1, 18-28; *see Crowder v. Shade Store, LLC*, No. 23-cv-02331-NC, 2024 WL 4868313, at *7 (N.D. Cal. June 26, 2024) (finding plaintiffs provided sufficient support for CLRA, UCL, FAL claims where plaintiffs included screenshots of defendant's website across a three-year period displaying alleged misrepresentations).[2]

Accordingly, the Court concludes that all plaintiffs, except for Ms. Koeller who has not adequately alleged standing, have pled their CLRA, UCL, and FAL claims with sufficient particularity to allow defendants to "prepare an adequate answer from the allegations." *Neubronner*, 6 F.3d at 671-72. However, as discussed below, it appears that these consumer protection statutes are available only to Mr. Davidson, the sole California plaintiff.

### b.    Negligent and intentional misrepresentation (claims 5 and 6)

Defendants argue that plaintiffs have not pled their claims for negligent misrepresentation and intentional misrepresentation with adequate particularity. Dkt. No. 18 at 16-17. Defendants

---

[2] To the extent defendants challenge the admissibility of the screenshots as evidence of the alleged misrepresentations, *see* Dkt. No. 18 at 12, this argument is not persuasive at the pleading stage. *See In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000) (rejecting a similar argument because "all pleadings on information and belief are hearsay" and because at the motion to dismiss stage, plaintiffs are only required to plead facts, not to produce admissible evidence).

United States District Court
Northern District of California

also contend plaintiffs fail to allege the "actual reliance" or "resulting damages" elements necessary for negligent misrepresentation and intentional misrepresentation claims.[3]  *Id.* at 18.

Under California law,[4] the elements of a claim for negligent misrepresentation are:  "(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Alafi v. Cohen*, 106 Cal. App. 5th 46, 65 (Cal. Ct. App. 2024) (quoting *Ragland v. U.S. Nat'l Bank Ass'n*, 209 Cal. App. 4th 182, 196 (Cal. Ct. App. 2012)).  The elements of intentional misrepresentation "are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage."  *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1245 (Cal. Ct. App. 2023) (quoting *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230-31 (Cal. Ct. App. 2013)).

All plaintiffs, except for Ms. Koeller, have adequately alleged their negligent misrepresentation and intentional misrepresentation claims.  Plaintiffs allege "Nixplay's representations and omissions regarding cloud storage limits and third-party integration misled Plaintiffs and reasonable consumers into believing those features were included with their purchase of their digital photo frames and would be included with their digital photo frames for the life of the device."  Dkt. No. 16 ¶¶ 105, 116.  Plaintiffs further allege that defendants made misrepresentations "for the purpose of affecting their purchasing decisions" and that defendants knew the statements were false.  *Id.* ¶¶ 108, 120.  Plaintiffs allege that they did in fact rely on defendants' misrepresentations and suffered losses as a result because they would not have purchased the frames had they known that the advertised features would be removed or restricted.

---

[3] Although defendants seemingly make this argument as part of their "standing" argument, *see* Dkt. No. 18 at 18-22, they also argue that plaintiffs fail "to allege common law misrepresentation claims," *id.* at 18.

[4] For purpose of this motion, the Court assumes the elements of plaintiffs' common law claims are defined by California law because "a federal court exercising jurisdiction over non-federal claims must usually apply the substantive law of the state in which it sits."  *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 836 n.6 (9th Cir. 1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938)).

United States District Court
Northern District of California

United States District Court
Northern District of California

*Id.* ¶¶ 111-113, 121-123.  Given these allegations and the above discussion regarding plaintiffs' CLRA, FAL, and UCL claims, the Court likewise finds that the FAC adequately alleges negligent misrepresentation and intentional misrepresentation claims on behalf of Mr. Koeller, Mr. Davidson, and Ms. Boleski.  *See Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *6 (N.D. Cal. June 24, 2022) ("The Court's conclusions above regarding the UCL, FAL, and CLRA claims apply equally to the negligent and intentional misrepresentation claims."); *Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 924 (N.D. Cal. 2013) (denying motion to dismiss negligent and intentional misrepresentation claims "for the same reason" as denying dismissal of UCL, FAL, and CLRA claims).

On the other hand, Ms. Koeller fails to state a claim for negligent misrepresentation or intentional misrepresentation because she fails to plausibly allege reliance as a "purchaser" on any misrepresentations.   Ms. Koeller is the only non-purchaser among the plaintiffs.  The FAC alleges that she "chose to keep the digital photo frame and created a Nixplay account for the Koeller household, relying on Nixplay's representations regarding included cloud storage."  Dkt. No. 16 ¶ 40.  However, the premise of plaintiffs' negligent and intentional misrepresentation claims is that defendants' misrepresentations influenced the plaintiffs' "purchasing decision(s)."  *See, e.g., id.* ¶¶ 108, 117.  As Ms. Koeller did not purchase a frame, she does not plausibly allege that she suffered harm as a purchaser in reliance on any alleged misrepresentations.

Accordingly, the Court concludes that all plaintiffs, except for Ms. Koeller, have pled their negligent and intentional misrepresentation claims with sufficient particularity.

**2.      Rule 12(b)(6):  Statutory Standing for CLRA, FAL, and UCL**

Defendants argue that plaintiffs fail to establish standing under California's consumer statutes.  Dkt. No. 18 at 18.  Plaintiffs respond that each plaintiff has standing under California law because each alleges economic loss and actual reliance on defendants' misrepresentations.  Dkt. No. 25 at 5-8.

Lack of statutory standing requires dismissal for failure to state a claim under Rule 12(b)(6).  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  For UCL and FAL claims, plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as

injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (Cal. 2011) (emphasis in original).  The standing requirement is similar for CLRA claims.  *See Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (Cal. 2009) ("[I]n order to bring a CLRA action, not only must a consumer be exposed to an unlawful practice, but some kind of damage must result."); *Pirozzi*, 966 F. Supp. 2d at 919-20 (standing requirement is similar for UCL, FAL, and CLRA claims).

The Court finds that Mr. Koeller, Mr. Davidson, and Ms. Boleski have adequately alleged standing under the CLRA, FAL, and UCL.  First, these plaintiffs allege that they "would not have purchased Nixplay digital photo frames" had they known that the advertised features would be removed or restricted by defendants.  *See* Dkt. No. 16 ¶¶ 84, 125.  That is an allegation of economic injury similar to a claim of "lost money" sufficient to satisfy the standing requirements for the UCL, FAL, and CLRA.  *See, e.g.*, *Kwikset*, 51 Cal. 4th at 317 (holding plaintiffs had standing to sue under UCL and FAL because they alleged they were deceived by misleading advertising to purchase a product and "would not have purchased it otherwise").  Second, these plaintiffs allege that their economic injuries were caused by their reliance on defendants' misrepresentations—specifically, that they purchased the frames based on defendants' representation that the frames would include 10 GB of free cloud storage and integration with Google Photos and Dropbox.  *See* Dkt. No. 16 ¶¶ 1-2, 39, 47, 53.  Thus, Mr. Koeller, Mr. Davidson, and Ms. Boleski have demonstrated standing under the UCL, FAL, and CLRA.

By contrast, the Court finds that Ms. Koeller does not have standing under the CLRA, FAL, or UCL.  According to the FAC, Ms. Koeller did not purchase a Nixplay frame.  Dkt. No. 16 ¶ 39.  Rather, Mr. Koeller purchased the frame and gifted it to Ms. Koeller.  *Id.*  Ms. Koeller did not spend money on the frame, and therefore, she did not suffer the economic injury the other plaintiffs allege.  "Courts consistently rule that claims based on products purchased by others, especially products received as a gift, lack standing because the recipients did not suffer economic injury."  *Clark v. InComm Fin. Servs., Inc.*, No. 22-cv-1839-JGB-SHKX, 2023 WL 8522952, at *8 (C.D. Cal. Dec. 1, 2023) (dismissing "Recipient Class" of plaintiffs from UCL action who

United States District Court
Northern District of California

received gift cards because "Recipient Plaintiffs did not spend money on the Cards, and therefore were not economically injured when the Cards lacked Face Value"); *Colucci v. ZonePerfect Nutrition Co.*, No. 12-cv-2907-SC, 2012 WL 6737800, at *5 (N.D. Cal. Dec. 28, 2012) (dismissing plaintiff who received product as a gift from false advertising action for lack of standing); *cf. Lazebnik v. Apple, Inc.*, No. 13-cv-04145-EJD, 2014 WL 4275008, at *4 (N.D. Cal. Aug. 29, 2014) (finding plaintiff suffered economic injury where his son-in-law purchased a product using plaintiff's credit card because "nothing in the Complaint suggest[ed] that Plaintiff intended to gift the funds to [the son-in-law]" and the plaintiff and his son-in-law "made the purchase together and used the [product] together"). While Ms. Koeller may be able to plead an economic injury independent of Mr. Koeller's economic injury, the allegations, as currently pled, fail to show Ms. Koeller suffered any economic injury arising from purchase of a frame and caused by reliance on defendants' alleged misrepresentations.

Accordingly, the Court concludes that all plaintiffs, except for Ms. Koeller, have alleged statutory standing.

### C.    Breach of contract (claim 4)

Defendants argue that plaintiffs fail to plead the necessary elements for breach of contract. Dkt. No. 18 at 23. Specifically, defendants argue that plaintiffs fail to allege breach of the Nixplay terms of service because plaintiffs do not "quote from, paraphrase or attach any contracts or representations from Nixplay" and fail to adequately plead contract damages. *Id.* at 13, 23. Plaintiffs respond that they do not rely on the terms of service and that they sufficiently allege each element of their breach of contract claim. Dkt. No. 25 at 12-13.

To state a claim for breach of contract under California law, a plaintiff must plead (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal. 2011). To be enforceable under California law, a contract must be sufficiently definite "for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Bustamante v. Intuit, Inc.,* 141 Cal. App. 4th 199, 209 (Cal. Ct. App. 2006) (quoting *Ersa Grae Corp. v. Fluor Corp.,* 1 Cal. App. 4th 613, 623 (Cal. Ct. App.

1991)) (internal quotation marks omitted). "[A] promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Id.* (alteration in original) (internal quotation marks and citations omitted). "Federal law does not require [a] [p]laintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint." *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, No. 05-cv-00917-CW, 2005 WL 1712008, at *2 (N.D. Cal. July 21, 2005). "Allegations that meet the notice-pleading standards of Rule 8 will suffice." *Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.*, No. 15-cv-00624-LB, 2016 WL 6524396, at *3-4 (N.D. Cal. Nov. 3, 2016) (citation omitted) (holding plaintiff sufficiently pled a contract because it gave defendant "reasonable notice of the nature of the contract claims against him, the breach . . . , and the resulting damages").

The FAC alleges that plaintiffs and members of the general public "entered into written contracts with Nixplay when they purchased digital photo frames through Nixplay's website," under which they agreed to pay defendants in exchange for digital photo frames with the specific features described on defendants' website at the time of purchase. Dkt. No. 16 ¶¶ 94-95. The FAC alleges that the contracts' material terms stated that defendants would provide frames including 10 GB of free cloud storage and integration with Google Photos and Dropbox. *Id.* ¶¶ 18, 96. Plaintiffs claim they fully performed their obligations by paying the agreed-upon purchase prices. *Id.* ¶ 98. They allege that defendants breached the contracts by removing the promised features from the frames and conditioning the availability of those features on the purchase of a paid subscription. *Id.* ¶ 99. Plaintiffs allege that as a result of defendants' breach, they have been deprived of the full benefits of their contracts. *Id.* ¶ 100.

On this record, the Court cannot conclude that Nixplay's terms of service comprise the only plausible contract between the parties. As the FAC gives defendants "reasonable notice of the nature of the contract claims" against them, *see Qingdao Tang-Buy*, 2016 WL 6524396, at *3-4, the Court concludes that Mr. Koeller, Mr. Davidson, and Ms. Boleski have adequately alleged

United States District Court
Northern District of California

the required elements of their breach of contract claim. [5] *See Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 731 (N.D. Cal. 2024) (denying motion to dismiss breach of contract claim where parties disputed terms of the purported contract because "these are fact disputes" and "[f]or purposes of Rule 12(b)(6), [plaintiff] has stated a breach of contract claim:  She alleges a specific agreement and says that she upheld her end while [defendant] did not and that she was harmed as a result."). However, the Court finds that Ms. Koeller fails to state a claim for breach of contract because plaintiffs allege they entered into written contracts with defendants "when they purchased digital photo frames through Nixplay's website." As explained above, Ms. Koeller did not purchase a frame, and plaintiffs do not explain how a contract could have existed between Ms. Koeller and defendants without such a purchase.

Defendants briefly argue that to the extent plaintiffs claim to have suffered any harm stemming from contractual breaches, their negligent misrepresentation and intentional misrepresentation claims should be dismissed under the economic loss rule. Dkt. No. 18 at 24. As a general matter, plaintiffs may not recover in tort for defendants' breach of contractual obligations, in the absence of physical injury or property damage. *See Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 20 (Cal. 2024) (citing *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (Cal. 2022)) ("In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' . . . ."). The economic loss rule requires a contracting party to recover in contract for purely economic loss due to disappointed expectations, unless the party can demonstrate harm above and beyond a broken contractual promise. *Id.* (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004)); *see also BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc.*, 119 Cal. App. 4th 848, 853 (Cal. Ct. App. 2004) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations."). "District courts in the Ninth Circuit are split on the issue of whether the economic loss rule bars negligent misrepresentation claims." *DiGiacinto v. RB Health (US) LLC*, 668 F. Supp. 3d 950, 967 (N.D. Cal. 2023).

---

[5] In discovery, plaintiffs will of course be required to produce of evidence of the alleged contract.

United States District Court
Northern District of California

Here, defendants do not adequately explain their economic loss rule argument and plaintiffs' opposition does not respond to the argument. Without the benefit of analysis or adequate briefing by the parties on this issue, the Court finds that at this stage, plaintiffs' negligent and intentional misrepresentation claims are not barred merely because they also assert a claim for breach of contract. *See DiGiacinto*, 668 F. Supp. 3d at 967 (quoting *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 Fed. App'x 603, 607 (9th Cir. 2008)) (holding economic loss rule did not bar negligent misrepresentation claim because "the Ninth Circuit has held 'that California law classifies negligent misrepresentation as a species of fraud for which economic loss is recoverable.'"); *Vizcarra*, 710 F. Supp. 3d at 731 (holding economic loss rule did not bar intentional misrepresentation claim because the "allegations include an element of fraudulent inducement"); *see also Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229, 1244-45 (C.D. Cal. 2025) (quoting *Rattagan*, 17 Cal. 5th at 20-21) (declining application of economic loss rule to misrepresentation claims where defendant "[did] not analyze the nature of the duty or causation" and failed to "address that one of the claims here involves alleged intentional misrepresentations and both involve affirmative misrepresentations"). As discussed above, the Court has already concluded that all plaintiffs, except for Ms. Koeller, have adequately pled their negligent and intentional misrepresentation claims.

### D.    Extraterritorial Application of California Law

Defendants also move to dismiss the FAC to the extent it seeks to apply California consumer protection laws to Mr. Koeller, Ms. Koeller, and Ms. Boleski who reside outside California. Dkt. No. 18 at 24. Plaintiffs oppose defendants' motion on this ground, asserting that Nixplay's operative terms of service, though "not applicable to Plaintiffs' purchases of their digital photo frames," make clear that defendants have "voluntarily subjected [themselves] to jurisdiction in California and [have] consented to the extraterritorial application of California law to any disputes . . . ." Dkt. No. 25 at 13. Plaintiffs also argue that the extraterritorial application of California law is permissible because "Nixplay has significant contacts with California, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Id.*

The California Supreme Court has made clear that there is a strong presumption against

the extraterritorial application of California law. *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (Cal. 2011) (internal quotation omitted) ("However far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be 'operative, with respect to occurrences outside the state, . . . unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history.'"); *see also Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014) (This presumption against extraterritorial application has been established in California for almost a century."). "The ordinary presumption against the extraterritorial application of California law applies with full force to the UCL, FAL, and CLRA." *Adkins v. Hewlett-Packard Co.*, No. 15-cv-02035-BLF, 2015 WL 14098937, at *1 (N.D. Cal. Aug. 20, 2015) (citations omitted). "Where none of the alleged misconduct or injuries occurred in California, a non-California resident cannot sustain claims under California law." *Id*.

Plaintiffs do not address this strong presumption against the extraterritorial application of California law and do not contend that any of the alleged misconduct or injuries with respect to Mr. Koeller, Ms. Koeller, and Ms. Boleski occurred in California. Plaintiffs' reliance on the governing law provision of Nixplay's terms of service (which plaintiffs otherwise insist "are not applicable" to their claims) is inapposite because the provision dictates only that California law applies to the construction and interpretation of the terms of service. Nothing in the terms of service suggests that California's consumer protection statutes apply more generally to all purchasers or users of Nixplay's frames. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (rejecting similar argument that choice of law provision in terms of service dictated that California law applied to non-resident plaintiffs' UCL, FAL, and CLRA claims); *see also O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1005 (N.D. Cal. 2014) ("a contractual choice of law provision that incorporates California law presumably incorporates *all* of California law—including California's presumption against extraterritorial application of its law"). Plaintiffs have not demonstrated that the CLRA, FAL, and

UCL afford relief to those plaintiffs who are residents of other states.[6]

Accordingly, the Court grants defendants' motion to dismiss Mr. Koeller's, Ms. Koeller's, and Ms. Boleski's CLRA, FAL, and UCL claims.

### E.    Joinder

Defendants move to dismiss Mr. Koeller, Ms. Koeller, and Ms. Boleski from this action on the ground that "they are improperly joined as plaintiffs under Rule 20." Dkt. No. 18 at 25. Defendants claim that all plaintiffs' claims "arise out of entirely different transactions—different products purchased many months apart, from different websites, in different states." *Id.* Defendants previously raised the same argument regarding Ms. Boleski in their opposition to plaintiffs' motion to remand (Dkt. No. 21). *See* Dkt. No. 29 at 10-11. The Court rejected defendants' argument in its January 8, 2026 order. *See* Dkt. No. 67 at 11-12. Specifically, the Court stated:

> Rule 20 of the Federal Rules of Civil Procedure permits plaintiffs to join their claims in one action if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). While several of plaintiffs' claims appear to rely on different factual allegations and/or different questions of law, the Court agrees with plaintiffs that, on the present record, joinder is proper because each plaintiff, including Ms. Boleski, asserts claims grounded in common allegations regarding defendants' purported misrepresentation about the digital photo frames. *See McAfee v. Francis*, No. 11-cv-00821-LHK, 2012 WL 762118, at *4 (N.D. Cal. Mar. 6, 2012) ("[E]ven when the underlying contract claims are predicated on different transactions and occurrences, allegations of fraud and misrepresentation may constitute a transaction or series of

---

[6] The parties do not indicate whether claims other than plaintiffs' statutory claims are at issue here, but the Court understands that defendants' argument is directed only to plaintiffs' claims for violations of the CLRA, FAL, and UCL (claims 1, 2, and 3). *See Somers v. Digit. Realty Tr. Inc.*, No. 14-cv-05180-EMC, 2018 WL 3730469, at *15 (N.D. Cal. Aug. 6, 2018) (rejecting defendants' extraterritoriality challenge to breach of contract claim "which is governed by common law" because "[t]he presumption against extraterritoriality typically applies in addressing the substantive scope of a statute"); *see also Paparella v. Plume Design, Inc.*, No. 22-cv-01295-WHO, 2022 WL 2915706, at *7 (N.D. Cal. July 25, 2022) (holding that an out-of-state plaintiff's breach of contract claim under California law did not raise extraterritoriality issues).

transactions under Rule 20(a) when they are part of a common scheme."); *see also League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (noting that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits").

*Id.*

In their motion to dismiss, defendants concede that "[t]he same core factual allegations underlie all of Plaintiffs' claims." Dkt. No. 18 at 11. For the same reasons explained in the January 8, 2026 order, the Court denies the motion to dismiss Mr. Koeller, Ms. Koeller, and Ms. Boleski for improper joinder.

### F.    Request for Injunctive Relief

Defendants argue that plaintiffs' request for injunctive relief is improper because (1) plaintiffs have not shown a reasonable probability that the alleged misconduct will recur; (2) specific performance of a contract is not available in equity; and (3) the request is unreasonably broad. Dkt. No. 18 at 26-27. Plaintiffs respond that their harm is ongoing; specific performance is appropriate and necessary; and courts have broad remedial authority. Dkt. No. 25 at 16.

What remedies, if any, are available and appropriate should plaintiffs prevail on their common law or statutory claims is an issue that the Court declines to resolve at this stage of the proceedings. Accordingly, the Court denies the motion to dismiss on this basis, without prejudice.

### G.    Statute of Limitations

Defendants contend plaintiffs' claims are barred by the applicable statutes of limitations. Dkt. No. 18 at 27-28. Defendants argue that all claims accrued in 2019 or 2020, when plaintiffs allege that they purchased or received Nixplay frames. *Id.* Plaintiffs respond that their claims accrued in March 2025, when defendants announced that they would remove certain features from the Nixplay frames. Dkt. No. 25 at 18.

Although an assertion that a claim is time-barred is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may

17

be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

It is not apparent on the face of the FAC that the claims are time-barred. Plaintiffs have plausibly alleged that their claims accrued when defendants announced *changes* in 2025 impacting the Nixplay frames purchased in 2019 and 2020. In any event, in this case, the statute of limitations question is more appropriately addressed at a later stage of the proceeding. *See Jablon*, 614 F.2d at 682. The Court denies the motion to dismiss on this basis.

## IV.   LEAVE TO AMEND

Rule 15(a) provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As plaintiffs may be able to amend the FAC to address some or all of the deficiencies described above, the Court gives plaintiffs leave to amend the FAC as to all existing claims. Plaintiffs may not add new claims or new parties unless they first obtain leave of court to do so.

## V.   CONCLUSION

For the reasons explained above, the Court grants in part and denies in part defendants' motion to dismiss, as follows:

(1) **Mr. Davidson**. The motion to dismiss Mr. Davidson's claims is denied.

18

(2) **Mr. Koeller**.  The motion to dismiss Mr. Koeller's CLRA, UCL, and FAL claims is granted.  The motion is denied as to Mr. Koeller's breach of contract, negligent misrepresentation, and intentional misrepresentation claims.

(3) **Ms. Koeller**.  The motion to dismiss Ms. Koeller's claims is granted;

(4) **Ms. Boleski**.  The motion to dismiss Ms. Boleski's CLRA, UCL, and FAL claims is granted.  The motion is denied as to Ms. Boleski's breach of contract, negligent misrepresentation, and intentional misrepresentation claims.

If plaintiffs wish to amend the FAC, they may file a second amended complaint no later than **March 23, 2026.**  If plaintiffs elect not to amend the FAC, they shall so advise the Court and defendants by **March 23, 2026**.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

19