UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KATE KOELLER, et al.,

Plaintiffs,

v.

NIXPLAY, INC., et al.,

Defendants.

Case No.  25-cv-04549-VKD

**ORDER RE MOTION TO SEAL**

Re: Dkt. No. 61

Plaintiffs filed an administrative motion to consider whether another party's material should be sealed in connection with their supplemental brief in support of plaintiffs' motion to remand.  Dkt. No. 61.  Plaintiffs ask the Court to seal five documents that defendants designated as "Confidential."  *Id.*  Plaintiffs state that they "did not have an opportunity to obtain Defendants' express stipulation prior to filing."  *Id.* at 2; Dkt. No. 61-1 ¶ 3.  Defendants filed a response, stating that they only request sealing Exhibit E, bearing the bates numbers NIXPLAY_000268-288.  Dkt. Nos. 63, 64.  In the alternative, defendants ask for permission to redact individuals' names and addresses in Exhibit E.  Dkt. No. 63 at 4.  The Court applies the "compelling reasons" standard to the pending sealing motion.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Exhibit E is a copy of the Register of Members of Nixplay Cayman which is not a party in this action.  Defendants request that the document remain under seal or that they be allowed to redact individuals' names and addresses, stating that the document reveals personal identifying information of Nixplay Cayman's individual shareholders.  Dkt. No. 63 at 1.  The Court grants

defendants' request to seal the portion of Exhibit E that discloses individuals' names and addresses. The amount of information that defendants seek to redact is small and the information is irrelevant to the matters raised in the motion to remand. *See, e.g.*, *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-cv-03775-HSG, 2021 WL 1022874, at *2 (N.D. Cal. Mar. 17, 2021) (finding compelling reasons to grant motion to seal "the names of non-party shareholders and the values of their respective shareholdings"); *G&C Auto Body Inc. v. Geico Gen. Ins. Co.*, No. 06-cv-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (sealing third-party information that is of "little or no relevance to the issues that were raised").

Accordingly, the Court grants plaintiffs' administrative motion to seal only as to Exhibit E. Plaintiffs must file public versions of Exhibits A, B, C, and D, and a public redacted version of Exhibit E, redacting individual shareholders' names and addresses, by **February 27, 2026**.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

2